{¶ 23} I fully agree with Judge Brogan's opinion. I write separately only to point out that prosecutors — in order to dispose of cases without trial — should not make sentencing recommendations that they know have no reasonable likelihood of being followed.
 {¶ 24} A sentencing recommendation is an inducement to forego the right to trial and is only a proper inducement if it is a realistic recommendation.
 {¶ 25} This is not to say that an unrealistic sentencing recommendation is necessarily a basis for reversal. Assuming aguendo that the recommendation here was unrealistic, the trial court made it abundantly clear to Lewis that the court was not bound by the State's recommendation.
 {¶ 26} That having been said, the integrity of the practice of plea negotiation — which is essential to the efficient administration of the criminal justice system — is better served by realistic sentencing recommendations.
 {¶ 27} Despite the pronouncements of trial judges that they are not bound by sentencing recommendations and despite defendants' acknowledgments of same, it cannot be denied that the prosecutor's sentencing recommendation is a factor to be considered by defendants and their counsel in determining whether to plead guilty or no contest or to go to trial.
 {¶ 28} Realistic sentencing recommendations can only serve the objective of well considered, well counseled pleas of guilty and no contest.